MILLER, Judge
(dissenting).
I cannot understand how this defendant is held responsible for the mechanic’s failure to install a new water pump. Plaintiff may have been injured by his mechanic, but not by his insurance company.
Plaintiff’s evidence from his own mechanic (Marcantel) established that he concluded the water pump was not damaged. Marcantel admitted that he was in-struced to replace the water pump if “it appears bad.” Tr. 65. Furthermore, Mar-cantel had standing instructions for all defendant’s repair jobs, to repair anything that was discovered “wrong” even if it wasn’t on the estimate. Tr. 67. Marcantel testified that after the repairs were completed, he tested the water pump and found nothing wrong. Tr. 67, 8. Marcantel told plaintiff that he didn’t change the water pump because he “didn’t find it bad.” Tr. 68, line 10.
I respectfully submit that there is no evidence to support the majority’s statement that . . it is obvious that Marcantel (the mechanic) thought the pump should be replaced. This judgment was overruled by Stewart, the adjuster for Louisiana Farm Bureau.”
The manifest error rule does not apply here. There is no evidence to support the trial court’s factual determination.
I respectfully dissent.